(44 South. 805.)

No. 16,649.

## SMITH v. NEW ORLEANS GREAT NORTHERN R. CO.

(Oct. 21, 1907.)

MASTER AND SERVANT—INJURY TO SERVANT—EVIDENCE OF RELATION.

Plaintiff, in an action for the recovery of damages for personal injuries, having alleged employment by defendant and injury sustained through defendant's negligence while engaged in the discharge of the duties of his employment, and having been met by a general denial, coupled with a special denial that he was employed by defendant when injured, as also a special denial that the apparatus through which he was injured was owned or operated by defendant, *held*, that the exclusion of .evidence offered to show that plaintiff was not in defendant's employ when injured, but was in the employ of some one else, and was injured through an apparatus owned and operated by some one else, was error, on account of which the verdict and judgment obtained by plaintiff must be reversed, and the case remanded.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 910.]

(Syllabus by the Court.)

Appeal from .Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by Shepard Smith against the New Orleans Great Northern Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Farrar, Jonas & Kruttschnitt, for appellant. Armand Romain, for appellee.

### Statement.

MONROE, J. Plaintiff alleges that whilst employed by defendant as a brakeman, and engaged in the discharge of his duties in that employment, he was injured through defendant's negligence, and he prays for a judgment in damages.

Defendant denies generally the allegations of the petition, and "specially denies that * * * at the time of the accident complained of" plaintiff was in its employ, or that the locomotive, in·connection with which the injury occurred, belonged to or was operated by it.

On the trial of the case, Richard Jones, having testified on behalf of the plaintiff that he had worked on the engine in question shortly before the accident, was asked, on cross-examination:

"During the whole time that you worked on that engine, is it not a fact that the engine was pulling a construction train?"

To which counsel for plaintiff made the objection:

"If your honor please, I object to any evidence on that line, because it is immaterial. The evidence before your honor is that it was an engine that was used by this company and operated by it and its employés."

To which objection counsel for defendant replied:

"If your honor please, I propose to show that none of these people were in the employ of the New Orleans Great Northern Railroad Company; that they were in the employ of the Crescent City Construction Company that had a contract for the construction of this road; that these people were entirely in the service of the construction company, and that as a matter of convenience and as a matter of accounting they were paid by the New Orleans Great Northern Railroad Company, and that the New Orleans Great Northern Railroad Company was repaid each month by the Crescent City Construction Company; that it was simply a matter of convenience; and I propose to show that this man was never employed by the New Orleans Great Northern Railroad Company."

Counsel for plaintiff then made the further objection that the proposed proof was not admissible under the pleadings, to which counsel for defendant replied:

"The defendant sets up that at the time of this accident this man Shepard Smith was not in the employ of the defendant, and that locomotive No. 220 was not operated by defendant, but by employés of another corporation. I am entitled to show * * * that these persons were not in my employ and were not doing my work, directly or indirectly, and I propose to do it by showing that this engine was used entirely for construction purposes; that it was· a construction engine, kept at the gravel pit, which was used, only and solely, for construction purposes of this road; and then I propose to show, of course, by officers of the Crescent City Construction Company, that the engine was entirely in their possession and under their control, and that these employés were the employés of the Crescent City Construction Company, and not of the New Orleans Great Northern Railroad Company."

The objection was, however, sustained; the court saying:

"You have filed a general denial—'specially denies all and singular the allegations'—and when the defense is that the work is being done by an independent contractor, then it must be averred in the answer."

Subsequently, plaintiff having closed, the following offer was made, to wit:

"Defendant offers to prove by N. G. Pearsall, general manager of the New Orleans Great Northern Railroad Company [and by other witnesses named] that, in August, 1906, at the time plaintiff was injured, he was in the employ of the Crescent City Construction Company, which was engaged in constructing the line of road on which the plaintiff was injured, as an independent contractor with the New Orleans Great Northern Railroad Company; that the engine on which plaintiff was riding was not its property, or in its possession, or under its control, but in the possession and under the control of the Crescent City Construction Company, and that the conductor, engineer, and fireman of the said engine, and the plaintiff, were all, at that time, employés of the Crescent City Construction Company and entirely under its control; that this fact had been notified to the plaintiff when he first made demand on the New Orleans Great Northern Railroad Company."

The evidence thus offered was excluded, on the ground that it was irrelevant, and a bill was reserved. Thereafter the case was submitted to a jury, which brought in a verdict for plaintiff in the sum of $5,000, and, the same having been made the judgment of the court, defendant appealed.

### Opinion.

Plaintiff's right to recover on the petition filed depends on his ability to prove that, when injured, he was in defendant's employ, engaged in the discharge of the duty assigned him, and that the injury was the result of defendant's negligence. Defendant met the allegations of the petition by specially denying that plaintiff was employed by it when injured, and further specially denying that the locomotive, the defects of which are said to have caused the accident from which the injury resulted, was either owned or operated by it, and was entitled to support its defense by any evidence, otherwise admissible, tending to negative or disprove plaintiff's allegations, including that offered to show that plaintiff, when injured, was employed by some one else, and that his injuries resulted from defects in an engine owned and controlled by his employer.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that the cause be remanded, to be further proceeded with according to law; plaintiff to pay the costs of appeal, and the costs of the lower court to await the final judgment.